Paul Riegel, the former guardian of Ruth Riegel, appeals an order amending the inventory of Ruth's assets to include the $65,080 Paul obtained at an auction by selling certain items of farm equipment which belonged to Ruth. On appeal, Paul asserts that the Jackson County Court of Common Pleas, Probate Division, erred by considering exceptions to the inventory after the statutory time period for filing such exceptions lapsed. Because we find that the statutory time period is not mandatory, and because we further find that the time period did not in fact lapse, we disagree. Accordingly, we affirm the judgment of the trial court.
 I.
Ruth Riegel, mother of Paul Riegel, Stewart Riegel, and Mabel Poetker, became incompetent as a result of Alzheimer's disease. In 1997, Paul filed an application to establish guardianship over Ruth. Stewart and Mabel both consented to the guardianship. On September 12, 1997, Paul filed the inventory of the guardianship estate. A few days later, Paul mailed copies of the inventory to each of his siblings.
On March 20, 1998, Paul filed a motion to amend the inventory to include certain antiques. He stated in his motion that he wished to sell the antiques at an auction he was holding primarily to sell his own property. Stewart and Mabel consented to the amendment, but noticed from the auction's advertisement that Paul was selling several pieces of farm equipment which they believed also belonged to Ruth. Therefore, Stewart and Mabel filed a motion seeking to amend the inventory to include the equipment in the guardianship estate.
Paul did not object to the timeliness of Stewart and Mabel's motion, nor contest their allegation that Ruth originally owned the farm equipment. He appeared for the hearing on the motion and testified that Ruth gave him the farm equipment. As proof of that gift, Paul produced a letter, allegedly signed by Ruth, which conveyed the farm equipment to Paul. The court found that Paul falsified the document and forged Ruth's signature.
Paul produced Ruth's will, wherein Ruth states that she wishes to convey the farm equipment to Paul upon her death. Additionally, Paul produced the deed by which Ruth conveyed the family's farm land to Paul. Paul testified that he felt the farm equipment "basically" belonged to him, because his mother knew he could not farm the land without the equipment. Finally, Paul admitted that he desperately needed money and was contemplating bankruptcy.
Mabel testified that Ruth is in relatively good health and that she is concerned Ruth will need the money from the farm equipment to pay for nursing home expenses in years to come. Stewart and Mabel agreed that Ruth intends for Paul to have the farm equipment upon her death, but contest Paul's right to the equipment during Ruth's lifetime.
The trial court found no credible evidence that Ruth gave the farm equipment to Paul. Therefore, the court ordered that the value of the equipment be held in the guardianship account. By a separate entry, the court removed Paul as guardian and named Stewart and Mabel in his place. Paul did not appeal his removal as Ruth's guardian, but appeals the trial court's finding that the equipment belonged to Ruth and order that the assets from the equipment be held in the guardianship account. Specifically, Paul asserts the following assignments of error:
 I. THE TRIAL COURT ERRED IN CONSIDERING APPELLEE'S MOTION CHALLENGING APPELLANT'S INVENTORY OF THE GUARDIANSHIP OF THE ESTATE OF RUTH J. RIEGEL BECAUSE IT WAS NOT FILED IN TIME TO TAKE EXCEPTIONS TO THE INVENTORY.
 II. THE TRIAL COURT ERRED IN FINDING THAT RUTH J. RIEGEL OWNED CERTAIN ITEMS OF FARM EQUIPMENT, BECAUSE THE ISSUE AS TO THE OWNERSHIP OF THE FARM EQUIPMENT WAS NOT PROPERLY RAISED, AND THUS THE PROBATE COURT LACKED JURISDICTION TO MAKE ANY DETERMINATION ON THAT FACT.
 II.
In his first assignment of error, Paul asserts that the trial court erred in considering Stewart and Mabel's motion because it was filed outside of the statutory period for filing exceptions to an inventory. In his second assignment of error, Paul asserts that the trial court did not possess jurisdiction to consider a motion or exceptions which were filed outside the statutory period. With regard to each assignment, Paul asserts that R.C. 2109.58 requires interested parties to file exceptions to an inventory within six months, and that Stewart and Mabel did not file exceptions within the six month time period. Paul further contends that the probate court only has jurisdiction to hear exceptions filed outside the statutory time period if they are styled as a motion for declaratory judgment or a special proceeding. Because both of Paul's assignments turn on whether Stewart and Mabel filed their exceptions within an allegedly mandatory statutory time period, we address his assignments together.
Initially, we note that R.C. 2109.58 states the law regarding guardianship inventories, but does not relate to the jurisdiction of the probate court over guardianships. Pursuant to R.C. 2101.24(A), the probate court has exclusive jurisdiction "[t]o appoint and remove guardians and testamentary trustees, direct and control their conduct, and settle their accounts." Thus, the probate court may properly investigate and adjudicate all matters substantially related to the guardianship, so long as due process of law is observed in the proceedings. Grannen v. Ey (1974), 44 Ohio App.2d 55, 60.
Moreover, the probate court is imbued with broad authority over matters within its jurisdiction. R.C. 2101.24(C) provides the probate court with "plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by statute." The statute at issue in this case, R.C. 2109.58, does not expressly limit the probate court's power to conduct hearings to the six-month period after the guardian files the inventory. Rather, the plain language of R.C. 2109.58, read in conjunction with R.C. 2101.24, leads us to conclude that the General Assembly intended the six-month time frame to be directory, not mandatory. R.C. 2109.58 provides in relevant part:
 [E]xceptions to the inventory of a fiduciary may be filed at any time within six months after the return of the inventory by any person interested in the trust or in any of the property included in the inventory, but the six-month period shall not apply in case of fraud or concealment. (Emphasis added.)
While we agree that R.C. 2109.58 indicates that the probate court may decline to consider exceptions filed outside of the six-month period, we find that it does not expressly deny the court the power to consider such exceptions.
Additionally, R.C. 2109.58 expressly states that the six-month period does not apply in cases involving fraud or concealment. In this case, Stewart and Mabel believed that Paul falsely represented that certain farm equipment belonged to him, when in fact it belonged to Ruth. The trial court found that Paul falsified a document, including Ruth's signature, and represented that Ruth conveyed the farm equipment to him via the document.
Though Paul believed that the equipment was "basically" his, and Ruth's will expresses her intent to devise the equipment to Paul upon her death, these factors do not change the fact that Paul manufactured a document which falsely indicated that Ruth conveyed the equipment to Paul before her death. Based upon Paul's egregious attempt to mislead the court and his siblings, we find that this case constitutes one of fraud or concealment as contemplated under R.C. 2109.58. Therefore, we find that the court properly considered Stewart and Mabel's motion.
Accordingly, we overrule Paul's assignments of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.